# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MUTUAL OF OMAHA INSURANCE CO.,

*Plaintiff*,

vs.

Case No. 09-2100-EFM

JESUS RODRIGUEZ,

*Defendant.*

## MEMORANDUM AND ORDER

This is a declaratory judgment case that arises from an event that occurred on August 29, 2006. On that day, while en route to a school-sponsored soccer game, Jesus Rodriguez suffered life-altering injuries when the pickup he was riding in collided with a van. Following the collision, on November 17, 2006, Mr. Rodriguez filed a petition for damages in the District Court of Wyandotte County, naming Michael Hitze, the owner and driver of the pickup, and the Unified School District No. 500 ("U.S.D. No. 500") as defendants and asserting negligence claims against both. On July 30, 2007, Mr. Rodriguez amended his petition and added a breach of contract claim against U.S.D. No. 500. Mr. Rodriguez's action was consolidated with two related cases for discovery purposes on October 22, 2007.

During the course of discovery, Mr. Rodriguez discovered that U.S.D. No. 500 had purchased an catastrophic accident insurance plan for the 2006-2007 school year. Pursuant to the plan's terms, Mutual of Omaha agreed to insure all "[s]tudents participating in interscholastic competition or activities under the jurisdiction of the KSHSAA including school-supervised practice, try-outs, pre and

post game-related activities including award banquets and covered travel."[1] Believing that the collision occurred while he was engaged in covered travel, Mr. Rodriguez filed a claim with Mutual of Omaha on July 8, 2008. After he had filed his claim, Mr. Rodriguez also mailed to Mutual of Omaha two letters–one on January 15, 2009, and one on February 20, 2009. In the February 20 letter, Mr. Rodriguez advised Mutual of Omaha that if it failed to convey its intention to enter into good-faith mediation by February 27, he would institute a formal legal proceeding against it. On February 26, Mutual of Omaha mailed Mr. Rodriguez a letter that stated that his claim had been denied.

Following the mailing of the denial letter, on February 27, Mutual of Omaha filed this declaratory judgment case with the Court, naming Mr. Rodriguez as the defendant and seeking a judgment declaring that (I) the policy in question does not apply under its terms to any liability or other obligation which arises or may arise out of the August 29 collision; or, (ii) in the alternative, that the policy in question applies to and is limited to already incurred expenses in excess of other insurance coverage and related benefits to which Mr. Rodriguez is entitled. Seven days after the filing, Mr. Rodriguez amended his state court petition for damages. This amendment resulted in Mutual of Omaha, CM Holding Inc., hereinafter referred to as Charlton Manley, Inc., and Steve Wanamaker, being named, for the first time, as parties in the state action. It also resulted in multiple counts being added, namely Count V, Declaratory Judgment Action Against Defendant Mutual of Omaha, Count VI, Breach of Contract Against Defendant Mutual of Omaha, Count VII, Vexatious Refusal to Pay Claim Against Defendant Mutual of Omaha, and Count VIII, Negligence Against Defendants Charlton Manley and Steve Wanamaker.[2] Pursuant to a state court order, Mr. Rodriguez's action was stayed on May 22.

---

[1] As noted by Plaintiff in its briefing, the plan in question is not a general liability plan. Thus, regardless of who is at fault, if the injured party's injuries constitute a covered loss, the plan will cover those injuries.

[2] Based on the materials submitted, it appears that Charlton Manley and Steve Wanamaker were involved with the issuance of the insurance plan in question in this case.

According to an order entered on August 24, the state action is to be stayed until this Court rules on Mr. Rodriguez's Motion to Dismiss or Stay Mutual of Omaha Insurance Company's Complaint for Declaratory Judgment.

Now before the Court are the following motions: (1) Defendant's Motion to Dismiss or Stay Mutual of Omaha Insurance Company's Complaint for Declaratory Judgment (Doc. 10); (2) Plaintiff's Motion for Leave to file Surreply (Doc. 19); and (3) Defendant's Motion for Leave to Supplement his Memorandum in Opposition to Motion for Leave to file Surreply (Doc. 31). After reviewing the parties' briefing, the Court finds that all three of these motions should be granted.[3] In light of this finding, the Court denies as moot Defendant's Motion to Dismiss Pursuant to Rule 19 (Doc. 27).

## I. Analysis

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[4] As is evident from the above language, this act, unlike other statutory authorizations, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[5] "[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[6] Consequently, in a case where declaratory judgment is sought, if the court determines

---

[3] In deciding Defendant's Motion to Dismiss, the Court considered the arguments set forth in Plaintiff's Surreply and Defendant's Supplement.

[4] 28 U.S.C. § 2201 (emphasis added).

[5] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

[6] *Id.* at 288.

that the claim "can better be settled in the proceeding pending in the state court," it should either dismiss or stay the proceeding.[7]

To aid the court in determining whether a claim would be better settled in state court, the Tenth Circuit has set forth a five factor test:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[8]

Before evaluating these factors, though, the court is to first determine whether the declaratory judgment suit satisfies the Constitution's case-or-controversy requirement.[9]

## A. Case-or-Controversy Requirement

The case-or-controversy requirement is satisfied if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality."[10] In the present case, the Court finds that this requirement is met. To begin with, the dispute between the parties is definite and concrete. Defendant contends that he is insured under the plan taken out by U.S.D. 500, and, as a consequence of this fact, is entitled to the maximum benefit allowed under the plan, which is $5,000,000. Plaintiff, on the other

---

[7] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

[8] *United States v. Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002). In his reply, Defendant stated that "this Court need not even analyze the factors listed by the Tenth Circuit when deciding whether this declaratory action should be dismissed or stayed." This contention is erroneous. As declared by the Tenth Circuit, the court has an "obligation to weigh these factors when deciding whether to hear a declaratory judgment action." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

[9] *See Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

[10] *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007).

hand, argues that Defendant's injuries were not sustained while he was engaged in covered travel, thus, it owes Defendant nothing. In addition, the parties' dispute is of sufficient immediacy and reality, as Defendant has filed a claim for benefits with Plaintiff and has threatened legal action. As a result, the Court finds that it has jurisdiction to entertain this case.[11]

**B. Discretionary Factors**

    1. *Settlement of the Controversy*

At the outset, the Court notes that it appears that two lines of precedent have developed in its jurisprudence regarding consideration of the first factor. One line has concluded that factor one merely looks at whether the declaratory judgment action will settle the particular issue presented, such as the scope of insurance coverage, while another has found that the judgment must also settle the issues at play in the state court proceeding.[12] As noted by the Sixth Circuit, which is the Circuit that developed

---

[11] *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937); *see also, e.g., Prof'l Solutions Ins. Co. v. Mohrlang*, 2009 WL 321706, at *6 (D. Colo. Feb. 10, 2009) (finding that it had jurisdiction to entertain the declaratory judgment suit because its judgment would determine whether the insurance company is liable to a party claiming that it is entitled to benefits).

[12] *Compare Allstate Prop. & Cas. Ins. Co. v. Salazar-Castro*, 2009 WL 997157, at *1 (D. Kan. Apr. 14, 2009) (holding that the first factor "weigh[ed] slightly in plaintiff's favor" because the declaratory action would settle the insurance coverage issue); *Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1246 (D. Kan. 2002); *Nw. Pac. Indem. Co. v. Safeway, Inc.*, 112 F. Supp. 2d 1114, 1120 (D. Kan. 2000) (ruling that the first factor weighed in the plaintiff's favor despite the fact that the "requested declarations would not officially end the controversy between [the] parties"); *Monticello Ins. Co. v. Kendall*, 1997 WL 557326, at *1 (D. Kan. Aug. 29, 1997) (declaring that the factor favored the plaintiff because the "action would settle the issue of whether the insurance policy covers the [state court defendant's] actions") *with Layne Christenson Co. v. Levelland/Hockley County Ethanol, LLC*, 2009 WL 352832, at *1 (D. Kan. Feb. 12, 2009) (stating that the first factor favored dismissal because, "while a declaration would settle the controversy presently before this court (the scope of the lease), it would not settle the entire controversy between the parties"); *Mid Continent Cas. Co. v. Se. Kan. Indep. Living Res.*, 2005 WL 3240843, at *2 (D. Kan. Nov. 30, 2005) (finding that factor one favored the defendant because "[a] decision by this court upon the issue presented for declaratory judgment w[ould] not settle the complete legal controversy between the various parties"); *Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 2000 WL 1595751, at *3 (D. Kan. Oct. 18, 2000) (deciding the factor in favor of defendant because "[i]ssues would remain for the state court to determine"); *Buchnan v. Greene*, 1998 WL 184448, at *2 (D. Kan. Mar. 12, 1998) (concluding that the factor weighed in favor of dismissal because the "action would not entirely settle the controversy"). Other courts have also struggled to interpret factor one in a consistent manner. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008) (discussing the Sixth Circuit's conflicting treatment of factor one). *Compare, e.g., Addison Ins. Co. v. Rippy*, 2009 WL 723322, at *5 (D. Colo. Mar. 18, 2009) (finding that the first factor favored the plaintiff because its declaration would resolve the question of whether plaintiff had a duty to defend and indemnify the defendant) *with, e.g., Qwest*

the five factor test this Circuit applies,[13] the likely cause of this split is the fact that factor one pits two fundamental policy rationales–"consolidating litigation into one court" and "permitting a party to determine its legal obligations as quickly as possible"–against one another.[14]

Here, due to the fact that under both lines, factor one favors Defendant, the Court need not decide which line of precedent is correct.[15] Factor one favors Defendant, regardless of which line is applied, because a declaration by the Court will not conclusively resolve the issues presented in this case. Interested entities not named as parties in the present suit, such as U.S.D. 500, Charlton Manley, and Steve Wanamaker, will not be bound by the Court's decision.[16] As a consequence, these entities will be free to relitigate the issues decided here in a later proceeding.[17] Accordingly, the Court finds that the first factor favors dismissal.[18]

---

*Communications Int'l, Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1207 (D. Colo. 1999) (resolving factor one in favor of defendant because the "declaratory action would not settle the entire controversy").

[13]*See Mhoon*, 31 F.3d at 983.

[14]*Flowers*, 513 F.3d at 555.

[15]Further weighing against the Court resolving this split is the fact that neither party has briefed the issue.

[16]*See Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284, 1290 (2002) (stating that one of the requirements for collateral estoppel is that the "parties must be the same or in privity").

[17]Even though it is not entirely clear what Defendant's bases are for his breach of contract claim against U.S.D. 500 and negligence claim against Charlton Manley and Steve Wanamaker, it appears to the Court that these entities may attempt to argue that Defendant's injuries were either covered or not covered as a defense to Defendant's claims.

[18]*See Bays Exploration, Inc. v. EFS O & G, LLC*, 2008 WL 4646118, at *3 (W.D. Okla Oct. 20, 2008).

2. *Clarifying Legal Relations*

Factor two has also been interpreted inconsistently.[19] However, for the same reason mentioned above, the Court does not need to resolve the precedential split in the present case. Not all of the interested parties are named in this suit, therefore, a declaration by this Court will not conclusively clarify the relations at issue. As a result, factor two favors dismissal.

3. *Procedural Fencing*

Factor three favors Defendant. Like Defendant, the Court finds this case to be remarkably similar to *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995), a case where the Tenth Circuit upheld a district court's determination that the plaintiff was using "the declaratory judgment action to provide an arena for a race to res judicata." As was true of the insurer in *St. Paul Fire & Marine Ins. Co.*, the plaintiff in this case, after haggling with the defendant for months over the scope of coverage, filed its action on the eve of when the defendant stated that he was going to institute formal legal proceedings against it.[20] While it is true that Plaintiff's actions do not conclusively prove that it was engaged in procedural fencing, they do, at a minimum, raise a very strong inference that Plaintiff "is attempting to wrest the choice of forum from the 'natural' plaintiff."[21]

---

[19]*See Flowers*, 513 F.3d at 557 (recognizing that "a split has developed in [its] precedent concerning whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action"). *Compare, e.g., Monticello Ins. Co.*, 1997 WL 557326, at *1 ("Certainly, the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue, i.e., whether [insurer] has a duty to defend [insured].") *with, e.g., Layne Christenson Co.*, 2009 WL 352832, at *1 (finding that the second factor weighed slightly in favor of the defendant because the declaratory action would not necessarily clarify all of the relations).

[20]*See St. Paul & Marine Ins. Co.*, 53 F.3d at 1168.

[21]*Waddell & Reed, Inc.*, 2000 WL 1595751, at *6; *see also, e.g., Great Am. Assur. Co. v. Travelers Prop. Cas. Co.*, 2007 WL 184732, at *5 (S.D. Ohio Jan. 19, 2007) ("While Plaintiffs have a right to choose their forum, the timing of their complaint in the face of almost certain knowledge that [injured party] intended to filed his own lawsuit in [state court] . . . creates a strong appearance of forum shopping . . . ."); *Hartford Ins. Co. of the Midwest v. Estate of Tollardo*, 2005 WL 3662914, at *4 (D.N.M. Nov. 20, 2005) (concluding that the third factor weighed in favor of dismissal, even though the plaintiff filed his suit twenty-seven days before the defendants filed their state

Contrary to Plaintiff's contention, the fact that Defendant's declaratory judgment action was not filed at the time Plaintiff filed suit does not militate against this Court's finding that factor one favors dismissal.[22] The first-to-file rule may be disregarded when "it is clear that the declaratory action was reactive to the expected state court action."[23] Here, as noted above, Plaintiff's conduct raises a strong inference that it filed its suit in anticipation of Defendant filing suit in state court. This inference has not been rebutted. Therefore, the timing of the actions is immaterial in this case.[24]

As for Plaintiff's argument that Defendant engaged in procedural fencing by adding multiple claims against it in his already pending state suit, the Court finds that it has no merit. For starters, Plaintiff has cited no support for this proposition. Additionally, and more importantly, the Court finds no fault in Defendant's action. Defendant merely did what he told Plaintiff he was going to do if the matter was not resolved by February 27, 2009.

4. *Conflict Between Federal and State Courts*

Factor four favors Defendant. In assessing this factor, the court considers both the history of the state court proceeding in this litigation and the prevalence of state law claims.[25] Here, the underlying action has been pending in the state court system for over 2 years. Although the state court

---

action, because the plaintiff "entered federal court after allegedly receiving the Defendants' letter notifying it of the Defendants' intent to sue"); *Buchnan*, 1998 WL 184448, at *3 (declaring that the plaintiff's suit "smacks of 'procedural fencing'" because he filed it in anticipation of the defendant filing his claim in state court).

[22]*See Guide One Mut. Ins. Co. v. Hilderbrand*, 2006 WL 3751245, at *3 n.1 (N.D. Okla. Dec. 18, 2006) (stating that it found the defendant's twenty-nine day delay in filing its state court action to be of "little importance").

[23]*Am. Family Mut. Ins. Co. v. Crapo*, 1994 WL 373889, at *1 (D. Kan. June 22, 1994); *accord Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*, 1999 WL 682883, at *3 (10th Cir. Sept. 2, 1999); *Mid-Continent Cas. Co.*, 2005 WL 3240843, at *2.

[24]Though the Court finds that the timing of the two suits is irrelevant here, it disagrees with Defendant's broad contention that timing is never relevant.

[25]*See Nw. Pac. Indem. Co.*, 112 F. Supp. 2d at 1121.

action has been stayed until the Court decides Defendant's motion to dismiss, the Court nevertheless believes that friction between the two courts would result if it were to decide Plaintiff's complaint because the state court proceeding now embodies the same issues, which are based on state law, and parties.[26] Accordingly, the Court finds that factor four favors dismissal.

5. *Alternative Remedy that is Better or More Effective*

As a preliminary matter, the Court notes that an alternative remedy exists. Kansas provides a procedure for a declaration of rights;[27] Defendant has chosen to take advantage of that procedure. As a result, the same issues that are presented in this suit are also presented in the state court action.[28] Consequently, the only question that needs to be answered in order to decide this factor is which proceeding is the most effective.

After reviewing the materials submitted, the Court finds that the state court action is the most effective proceeding. In deciding Defendant's tort claims against Mr. Hiltze and U.S.D. 500, the state court is going to become intimately familiar with the facts surrounding the August 29, 2006, collision. While not all of these facts will be relevant in determining whether or not Defendant's injuries constitute a covered loss, some will. Having this Court also familiarize itself with the relevant facts would be duplicative and a waste of valuable judicial resources.[29]

---

[26]*See Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

[27]*See* K.S.A. § 60-1701.

[28]As pointed out by Defendant, K.S.A 60-257 enables Kansas state courts to "order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." Thus, contrary to Plaintiff's insinuation, the issues presented in this case can be handled in a timely manner by the state court.

[29]*See Fed. Ins. Co. v. Sprint Co.*, 293 F. Supp. 2d 1245, 1248 (D. Kan. 2003) (finding that because discovery had already commenced in the state court proceeding that entertaining the plaintiff's suit would "require duplicative efforts, a waste of both parties' and this court's resources"); *see also Penn-America Ins. Co. v. Ervin*, 2007 WL 3113338, at *2 (N.D. Okla. Oct. 22, 2007) ("The better and more effective remedy is to allow this issue to

Additional support for the Court's conclusion can be found in the fact that all of the interested parties, and claims against them, are present in the state court proceeding.[30] Because all of the entities that may have an interest in the subject insurance plan are named in the state court proceeding, the state court's decision regarding the plan will have a collateral estoppel effect.[31] Furthermore, because all of the claims arising from the August 29, 2006, collision are asserted in the state court, the entire controversy can be adjudicated in one court.[32] In light of these facts, the Court finds that the fifth factor, which is the factor that the Court believes to be the most important in this case, weighs heavily in favor of declining jurisdiction.

## IV. Conclusion

Because all of the factors weigh in Defendant's favor, the Court concludes that it should not exercise its discretionary jurisdiction. As to the question of whether this case should be dismissed or stayed, the Court finds that it should be dismissed. Dismissal is appropriate here because all the issues raised in this suit are also raised in the state court proceeding.[33] Thus, Plaintiff will have an opportunity to have his claims fully and adequately resolved by the state court.[34]

Accordingly,

---

be decided in state court, by the same court that has already familiarized itself with the issues and claims involved.").

[30] *See Las Cruces*, 289 F.3d at 1191 (stating that the district court's finding that the state court proceeding was the most effective because "the rights of all, including the parties to the federal action, would be decided" was correct).

[31] *See Bays Exploration, Inc.*, 2008 WL 4646118, at *2-3.

[32] *See Guide One Mut. Ins. Co.*, 2006 WL 3751245, at *3.

[33] *Fed. Ins. Co.*, 293 F. Supp. 2d at 1248.

[34] Due to the fact that the Court answered the first issue presented in Defendant's Memorandum in the affirmative, it will not address the second issue presented, which is whether the inclusion of compulsory counterclaims against nondiverse defendants in Defendant's answer would require remand of this action for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or Stay Mutual of Omaha Insurance Company's Complaint for Declaratory Judgment (Doc. 10) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to file Surreply (Doc. 19) is hereby GRANTED.[35]

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 19 (Doc. 27) is hereby DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Supplement his Memorandum in Opposition to Motion for Leave to file Surreply (Doc. 31) is hereby GRANTED.[36]

**IT IS SO ORDERED.**

Dated this 2nd day of November, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[35] As the Court has considered the arguments in the surreply, it deems the surreply already filed.

[36] As the Court has considered the arguments in the supplement, it deems the supplement already filed.